UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUILLERMO IGNACIO, *individually and on behalf of others similarly situated,*<br><br>　　　　　　　　　　*Plaintiff,*<br><br>　　-against-<br><br>BEDFORD PITZA CORP. (D/B/A MOUSTACHE PITZA), SALAM AL-RAWI and RAKAN DROUBI,<br><br>　　　　　　　　　　*Defendants.* | 1:21-cv-05724<br><br>**SETTLEMENT AGREEMENT<br>AND<br><u>GENERAL RELEASE</u>** |

　　　　This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiff GUILLERMO IGNACIO ("Plaintiff") on the one hand, and BEDFORD PITZA CORP. (D/B/A MOUSTACHE PITZA), SALAM AL-RAWI and RAKAN DROUBI (the "Individual Defendant") (collectively the Defendant Corporation and the Individual Defendant are the "Defendants"), on the other hand.

　　　　WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

　　　　WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: **1:21-cv-05724** (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

　　　　WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

　　　　WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

　　　　NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

　　　　1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants through the effective date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Twenty Five thousand Dollars (**$25,000**) (the "Settlement Amount") to be paid to Plaintiff's attorneys in a single instalment as follows:

1

a) One check in the amount of Eight Thousand Two Hundred Fifty Dollars and Zero Cents ($8250.00) made payable to CSM Legal, P.C.

b) One check in the amount of Sixteen Thousand Seven Hundred Fifty Dollars and Zero Cents ( $16,750.00 ) made payable to Guillermo Ignacio

All payments set forth above shall be delivered to the office of CSM Legal, P.C., 60 East 42nd Street, Suite 4510, New York, NY 10165 within 60 days of the Court's Approval of the Settlement.

Plaintiff and his counsel shall be solely responsible for any and all taxes resulting from payments received under this Settlement Agreement, and in the event of an audit of Defendants by any taxing authority regarding payments to Plaintiff and or her counsel, Plaintiff and her counsel shall indemnify and hold Defendants harmless for any failure of Plaintiff or her counsel to pay taxes on any payments received from Defendants pursuant to this Settlement Agreement. Plaintiff's counsel will immediately submit a W-9 form to Defendants.

3.   <u>Release and Covenant Not To Sue</u>: Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

4.   <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5.   <u>Dismissal of the Litigation</u>: Plaintiff shall file, within seven (7) days of receipt of the executed Settlement Agreement and payment in accordance with paragraph 1, a Stipulation of Dismissal with Prejudice (in the form of **Exhibit A**, attached hereto, which is incorporated to this agreement by reference) with the Court in this action. In the event that additional documentation is needed to terminate the Litigation, Plaintiff shall execute and submit all documents required to terminate such proceedings.

6.   <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

7.   <u>Response to Subpoena:</u> Plaintiff agrees that, in the event they are subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in

a deposition, court proceeding or otherwise) which in any way relates to Defendants, their prior employment with Defendants, or to any subject matter relevant to the instant proceedings and the settlement of this matter, Plaintiff will give prompt notice of such request to Defendants and, if possible, will make no disclosure until Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

9.  <u>Return of all Property</u>: Plaintiff represents that they have returned to Defendants all Company property and any "Company Information" including, without limitation, mailing lists, reports, client lists, employee lists, files, memoranda, records and software, computer, door and file keys, security access codes, computer access codes or disks and other physical or personal property which Plaintiff received, prepared or helped prepare, or otherwise came in contact with and that Plaintiff will not retain any copies, duplicates, reproductions or excerpts thereof. The term "Company Information" as used in this Agreement includes but is not limited to: (a) confidential information of the Company including, without limitation, information received from third parties under confidential conditions; and (b) other financial information or trade secrets, the use or disclosure of which might reasonably be construed to be contrary to the interests of the Company or its affiliates and other related companies.

10. <u>Employment References</u>: Any request for a reference with respect to Plaintiff will be referred to the Company management. The Company will limit any response to confirming each Plaintiff's title and dates of employment, and shall further state that in accordance with the Company's policy, no further information can be provided beyond this neutral reference.

11. <u>Acknowledgment</u>: Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

12. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Clela Errington, Esq.
**CSM Legal, P.C**.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: clela@csm-legal.com

3

To Defendants:

Michael K. Chong, Esq.
**Law Offices of Michael K. Chong, LLC**
2 Executive Drive, Suite 720, Fort Lee, New Jersey 07024
Ph: (201) 708-6675 Fx: (201) 708-6676
Direct Dial: (201) 947-5200
Email: MKC@mkclawgroup.com

13. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

14. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement.

15. <u>Release Notification</u>: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledges that he has consulted with Clela Errington of CSM Legal, P.C.., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms that this Settlement Agreement and General Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

16. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

[THIS SECTION IS INTENTIONALLY LEFT BLANK]

**THERFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

**PLAINTIFF:**

By: _Guillermo Ignacio_ (signature)
GUILLERMO IGNACIO

**DEFENDANTS:**

BEDFORD P**ITZA CORP**

By:_____

Print Name _____

Title:_____


By: _____
SALAM AL-RAWI


By: _____
RAKAN DROUBI

**THERFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

**PLAINTIFF:**

By: _____
      GUILLERMO IGNACIO

**DEFENDANTS:**

BEDFORD P**ITZA CORP**

By: *Rakan Droubi* _____
      (DocuSigned by: BBF4B5180CB9471...)

Print Name  Rakan Droubi _____

Title: manger _____

By: *Salam Al-Rawi* _____
      SALAM AL-RAWI

By: *Rakan Droubi* _____
      RAKAN DROUBI

5

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUILLERMO IGNACIO, *individually and on behalf of others similarly situated,*<br><br>*Plaintiff,*<br><br>-against-<br><br>BEDFORD PITZA CORP. (/D/BA MOUSTACHE PITZA), SALAM AL-RAWI and RAKAN DROUBI,<br><br>*Defendants.* | **STIPULATION OF DISMISSAL WITH PREJUDICE** |

    IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that the Complaint and any and all claims that were or could have been asserted in this action by any party are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

Date:  New York, New York
        _____, 2022

/s/ *Michael K. Chong*

_____
Michael K. Chong, Esq.
**MKC Law Group LLC**
**Law Offices of Michael K. Chong, LLC**
2 Executive Drive, Suite 720
Fort Lee, New Jersey 07024
*Attorney for Defendants*

_____
Clela A. Errington, Esq.
**CSM LEGAL, P.C.**
60 East 42nd. St. Suite 2020
New York, NY 10165
*Attorneys for Plaintiff*

---

The Court is in receipt of the parties' settlement agreement. The Court has reviewed the proposal in light of *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015), and *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and finds that the settlement is fair.

The Court notes that the attorneys' fees were calculated using the percentage method and represent one third of the total settlement amount. While the Court finds those fees to be reasonable, the Court does not make any finding as to the reasonableness of counsel's hourly rate or as to the reasonableness of any particular hours billed for work on this case.

Accordingly, the settlement is approved, the case is dismissed with prejudice. The Clerk of Court is respectfully directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Date:  January 10, 2022
        New York, New York

_____
JOHN P. CRONAN
United States District Judge